BRADFORD TAFT & Co. *v.* C. H. MILLS & Co.

TIMOTHY L. DUNLAP *v.* SAME.

The personal property of a debtor in the possession of a Massachusetts manufacturing corporation, cannot be attached here by process in foreign attachment, served upon the treasurer of the corporation, although the treasurer be a resident of this state.

THE defendants were served in these cases only by attachment of their personal property in the hands of the Dunnell Manufacturing Company, a foreign corporation created by, and doing business within, the commonwealth of Massachusetts.   The writs were served by leaving copies of the same with Nathaniel W. Brown, the treasurer of the corporation, residing in the state of Rhode Island.   These facts appearing in the affidavit of the garnishee,—

*Payne* now moved, that the actions be dismissed for want of service of the writs; a foreign corporation, whose treasurer happens to reside within this state, not being liable to service through him in foreign attachment here, any more than a nonresident garnishee who comes casually into the state.

AMES, C. J.   The primary purpose of an attachment on mesne process, of any sort, is, to compel the appearance of the defendant; and the jurisdiction of the court issuing the process is obtained by an attachment, through its jurisdiction over his property, attached whilst within its jurisdictional limits.   The personal property of a debtor, in the hands of the Massachusetts manufacturing corporation, is certainly no more within the

jurisdiction of the courts of this state, than real estate situated within that commonwealth. An attachment here, of the one, would be as unsuitable and fruitless for the purpose of compelling the appearance of the debtor, as an attachment of the other. The residence of the treasurer of such a corporation in Rhode Island, does not bring the corporation, or any property of another which may be in its hands, within our jurisdiction, any more than the residence of one of its members or ordinary laborers would do. The cases of *Danforth* v. *Penny,* 3 Met. 564, and *Gold & others* v. *The Housatonic Railroad Co.* 1 Gray, 424, are directly in point. The motion must be granted, and the actions dismissed, for want of service of the writs.